SUNLAND ENTERPRISES, INC. *v.* ANDREWS, et al

93-789                                    861 S.W.2d 311

Supreme Court of Arkansas
Opinion delivered September 20, 1993

*Kaplan, Brewer, & Maxey, P.A.*, by: *Philip E. Kaplan*, for

appellant.

*Stuart Law Firm, P.A.*, by: *J. Michael Stuart*, for appellee.

PER CURIAM. Intervenor Sunland Enterprises, Inc. moves this court for a Rule on the Clerk and advances the argument that the Supplemental Decree in this matter was the final judgment which disposed of all issues regarding all parties, including the issues brought to conclusion by an earlier decree. According to the argument, the record which was tendered in timely fashion with respect to the Supplemental Decree was also effective with respect to the original Decree. We do not agree and rule that the appeal was only perfected for the Supplemental Decree.

The plaintiffs in this matter were homeowners who sued the Cabot Planning Commission to enjoin a developer, Sunland, from road construction that would affect their lots. Sunland intervened. On October 21, 1992, the chancery court in its Decree permanently enjoined the road construction at issue and assessed costs and attorney fees against Sunland. Sunland moved to amend the decree and for a new trial on October 30, 1992. No ruling was made on that motion, and it was deemed denied under Ark. R. App. P. 4(c) on November 29, 1992.

On December 22, 1992, a Supplemental Decree was entered for the purpose of supplementing the October 21, 1992 decree. In that decree, plaintiffs' prayer for a writ of mandamus was denied; Sunland's cross complaint was dismissed (this was also apparently done in the original decree); and prior rulings of the chancery court on motions by the parties were memorialized. The Supplemental Decree states that "the decree filed herein on October 21, 1992 shall remain in full force and effect and is supplemented by the rulings herein which are meant to completely dispose of all issues in litigation and to be a final judgment on all issues."

Sunland also filed its notice of appeal on December 22, 1992, which stated that the appeal was taken from both the October 21, 1992 Decree and the December 22, 1992 Supplemental Decree. An extension for filing the record was timely filed and granted until July 19, 1993.

Sunland tendered the record on July 14, 1993, and it was refused by the clerk of this court as untimely. The motion for rule

on the clerk followed.

■ Sunland fervently contends that the Supplemental Decree was the final judgment under Ark. R. Civ. P. 54(b) and that an appeal from the October Decree would have been futile since all the issues had not been disposed of. While that may well be, the fact that a supplemental decree *may* have been warranted as a clean-up measure does not absolve an appealing party from the responsibility of filing the transcript relative to the original decree in a timely manner.

Our rule on the timely filing of the record when an extension has been requested is clear:

> In no event shall the time be extended more than seven (7) months from the date of the entry of the judgment, decree or order, or from the date on which a timely postjudgment motion under Rule 4(b) is deemed to have been disposed of under Rule 4(c), whichever is later.

Ark. R. App. P. 5(b). Here, the postjudgment motion regarding the October 21, 1992 Decree was deemed denied on November 29, 1992. The seven-month period from that date expired on June 29, 1993, and the record was not tendered until July 14, 1993.

■ The clerk correctly refused to file the record with respect to the October 21, 1992 Decree. The record, however, was timely filed regarding the December 22, 1992 Supplemental Decree. Only the issues between the parties embraced in the Supplemental Decree shall be considered on appeal.